Slip Op. 26-72

# UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

**BYUNGMIN CHAE,**

             Plaintiff,

v.

**UNITED STATES,**

             Defendants.

</td><td>

**Before: Timothy M. Reif, Judge**

**Court No. 26-00788**

</td></tr>
</table>

## OPINION

[Granting defendant's motion to dismiss for failure to state a claim in challenge to customs broker's license denial.]

Dated: July 8, 2026

Byungmin Chae, plaintiff, of Omaha, Nebraska, proceeding pro se.

Marcella Powell, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for defendants.  With her on the brief were Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, and Justin R. Miller, Attorney-in-Charge, International Trade Field Office.  Of counsel on the brief was Paula S. Smith, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

* * *

Reif, Judge: Before the court is defendant United States' ("defendant") motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Rules of the U.S. Court of International Trade ("USCIT").  Def.'s Mot. to Dismiss for Failure to State a Claim ("Def. Br."), ECF No. 8.

Plaintiff Byungmin Chae ("plaintiff") commenced this third action challenging the denial by U.S. Customs and Border Protection ("Customs") of credit for plaintiff's answer

to Question No. 27 on the April 2018 Customs Broker License Examination ("CBLE").

Compl. at 1, ECF No. 2.

For the reasons discussed below, the court grants defendant's motion.

**BACKGROUND**

To obtain a customs broker license, an applicant must demonstrate knowledge of U.S. customs laws and regulations by passing the CBLE. 19 U.S.C. § 1641(b)(2).[1] One prerequisite for licensure is a score of at least 75 percent on the examination. 19 C.F.R. § 111.11(a)(4). Because the CBLE consists of 80 questions, an applicant must answer at least 60 questions correctly to achieve a passing score.

An applicant dissatisfied with a CBLE score may appeal first to Customs' Broker Management Branch ("BMB") and then to Customs' Executive Assistant Commissioner ("Commissioner"). 19 C.F.R. § 111.13(f). Following a final agency decision, the applicant may bring an action before the U.S. Court of International Trade. 19 U.S.C. § 1641(e)(1); 28 U.S.C. § 2636(g).

Plaintiff received a score of 65 percent on the April 2018 CBLE and appealed to the BMB. *Chae v. Sec'y of the Treasury*, 45 CIT __, __, 518 F. Supp. 3d 1383, 1390 (2021). The BMB awarded plaintiff credit for two of the 13 challenged questions, increasing plaintiff's score to 67.5 percent. *Id*. Plaintiff then sought review by the Commissioner with respect to the remaining eleven questions. *Id*. The Commissioner awarded credit for three additional questions, increasing plaintiff's score to 71.25

---

[1] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code, 2018 edition.

percent, but denied plaintiff's application for a customs broker license because plaintiff still had not achieved a passing score. *Id*. at __, 518 F. Supp. 3d at 1390-91.

On March 4, 2020, plaintiff brought his first action before this Court challenging Customs' denial of his license application. *Id*. at __, 518 F. Supp. 3d at 1391. Defendant moved to dismiss for lack of subject matter jurisdiction, arguing that plaintiff failed to commence the action within the applicable statute of limitations.[2] *Id*. at __, 518 F. Supp. 3d at 1388-89. The Court denied defendant's motion, concluded that equitable tolling applied and granted plaintiff leave to amend his complaint and summons.[3] *Id*. at __, 518 F. Supp. 3d at 1389-92. Plaintiff's amended complaint challenged Customs' denial of credit for Question Nos. 5, 27, 33, 39 and 57. *Chae v. Yellen*, 46 CIT __, __, 579 F. Supp. 3d 1343, 1353 (2022) ("*Chae I*").

On June 6, 2022, the Court held that Customs' denial of credit for Question Nos. 5, 27, 33 and 39 was supported by substantial evidence, but concluded that Customs improperly denied credit for Question No. 57. *Id*. at __, 579 F. Supp. 3d at 1372. Plaintiff's score consequently increased to 72.5 percent, which remained below the passing score. *Id*. at __, 579 F. Supp. 3d at 1370-71. Accordingly, the Court denied plaintiff's motion for judgment on the agency record and held that Customs' denial of plaintiff's license application was not "arbitrary, capricious, an abuse of discretion, or

---

[2] Defendant also argued that plaintiff failed to satisfy the procedural requirements governing the filing of the summons and complaint. *Chae v. Sec'y of the Treasury*, 45 CIT __, __, 518 F. Supp. 3d 1383, 1389 (2021).

[3] The Court granted plaintiff 60 days to amend his complaint in accordance with USCIT Rule 10(a). *Id*. at __, 518 F. Supp. 3d at 1405.

otherwise not in accordance with law." *Id*. at __, 579 F. Supp. 3d at 1372 (quoting 5 U.S.C. § 706(2)(A)).

Plaintiff appealed.  On April 25, 2023, the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") affirmed the Court's decision as to Question Nos. 27 and 33 but held that Customs improperly denied credit for Question No. 5.  *Chae v. Yellen*, 2023 WL 3072385, at *7 (Fed. Cir. Apr. 25, 2023).  Although plaintiff's score increased to 73.75 percent, it remained below the required passing score.  *Id*.  The Federal Circuit therefore affirmed the judgment sustaining Customs' denial of plaintiff's license application.  *Id*.

On June 24, 2023, plaintiff petitioned the Supreme Court for a writ of certiorari. *See Chae v. Yellen*, 144 S. Ct. 347 (2023).  The Supreme Court denied the petition and later denied plaintiff's petition for rehearing.  *Chae*, 46 CIT at __, 579 F. Supp. 3d at 1372, aff'd, 2023 WL 3072385 (Fed. Cir. Apr. 25, 2023), cert. denied, 144 S. Ct. 347 (2023), reh'g denied, 144 S. Ct. 714 (2024).

On May 8, 2024, plaintiff brought a second action before this Court challenging Customs' denial of credit for Question No. 27.  *Chae v. United States*, 736 F. Supp. 3d 1364 (2024) ("*Chae II*").  Plaintiff argued that Question No. 27 was defective because an allegedly vague term in 19 C.F.R. § 145.2 rendered the question invalid.  *Id*. at 1368. Defendant moved to dismiss pursuant to USCIT Rule 12(b)(6), arguing that claim preclusion barred plaintiff's action.  *Id*.  The Court granted defendant's motion and held that plaintiff's claim was barred by claim preclusion.  *Id*. at 1370.

Plaintiff appealed.  Before the Federal Circuit, plaintiff again challenged Question No. 27 but, for the first time, argued that the law governing the question was unsettled when he took the April 2018 CBLE because he relied on *United States v. Baxter*, 2018 WL 6173880 (D. V.I. Nov. 26, 2018) ("*Baxter I*"), which later was vacated following remand.  *Chae v. United States*, 2025 WL 3228192, at *2 (Fed. Cir. Nov. 19, 2025) (citing *United States v. Baxter*, 951 F.3d 128, 136-37 (3d Cir. 2020) ("*Baxter II*")).  Plaintiff argued that the subsequent change in law constituted new authority that he could not have presented previously.  *Id*.

The Federal Circuit held that the Court correctly dismissed plaintiff's action on claim-preclusion grounds and further held that plaintiff waived his Baxter-based argument by raising it for the first time on appeal.  *Id*. at *3.  The Federal Circuit also considered plaintiff's remaining arguments and found them unpersuasive.  *Id*.

On May 8, 2026, plaintiff commenced the present action.  Once again, plaintiff challenges Customs' denial of credit for Question No. 27 on the April 2018 CBLE.  Accordingly, this action represents plaintiff's third challenge arising from Customs' denial of his 2018 customs broker license application and his second action directed specifically to Question No. 27.  *See* Compl.

**JURISDICTION AND STANDARD OF REVIEW**

The court maintains exclusive jurisdiction to review "any decision of the Secretary of the Treasury to deny a customs broker's license under section 641(b)(2) or (3) of the Tariff Act of 1930."  28 U.S.C. § 1581(g)(1); 19 U.S.C. § 1641(e).

"A court may properly dismiss a claim pursuant to Rule 12(b)(6) only if Plaintiffs' allegations of fact are not 'enough to raise a right to relief above the speculative level.'" *VoestAlpine USA Corp. v. United States*, 46 CIT __, __, 578 F. Supp. 3d 1263, 1276 (2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Courts consider allegations within the complaint along with other "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014) (alteration in original) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)).

"The court may decide to dismiss an action for failure to state a claim if the claim is barred by the doctrine of claim preclusion." *United States Steel Corp. v. United States*, 42 CIT __, __, 319 F. Supp. 3d 1295, 1300 (2018) (citing *Bowers Inv. Co. v. United States*, 695 F.3d 1380, 1384 (Fed. Cir. 2012)).

**DISCUSSION**

**I.      Whether plaintiff's claim is barred under the doctrine of claim preclusion**

**A.      Legal framework**

Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Cromwell v. Cnty. of Sac*, 94 U.S. 351, 352 (1876)); *see also Golden Pac. Bancorp. v. United States*, 15 F.3d 1066, 1071 (Fed. Cir. 1994). The party asserting claim preclusion is required to establish that:  (1) the parties in both actions are identical or in

privity; (2) the first action resulted in a final judgment on the merits; and (3) the second action is based on the same set of transactional facts as the first. *Bowers*, 695 F.3d at 1384.

Claims arise from the same transaction when they share the same nucleus of operative facts. *Ammex, Inc. v. United States*, 334 F.3d 1052, 1056-57 (Fed. Cir. 2003). By contrast, claim preclusion does not apply when the later action arises from new operative facts occurring after the first action. *Id.*; *E.I. du Pont de Nemours & Co. v. United States*, 32 CIT 476, 489, 561 F. Supp. 2d 1320, 1331 (2008).

**B.      Analysis**

The court concludes that plaintiff's present action is barred by the doctrine of claim preclusion.

Defendant's motion to dismiss is based on two grounds. First, defendant argues that plaintiff's action is barred by the doctrine of claim preclusion. Def. Br. at 6. Second, defendant argues that plaintiff's action is barred by the applicable statute of limitations. *Id*.

In response, plaintiff raises what appear to be three main arguments. Resp. of Pl. Byungmin Chae to Mot. to Dismiss for Failure to State a Claim at 1-2 ("Pl. Resp. Br."), ECF No. 9.

First, plaintiff argues that "the issue currently before the Court is not identical to the one previously adjudicated" because plaintiff now advances a new basis for challenging Customs' denial of credit for Question No. 27. Pl. Resp. Br. at 1. Specifically, plaintiff argues that he relied on *Baxter I* when he took the CBLE because

*Baxter I* reflected the law at that time. *Id*. Plaintiff further argues that the law subsequently changed when the Third Circuit vacated and remanded the lower court's decision in *Baxter I*. *Baxter II*, 951 F.3d at 136-37. Plaintiff argues that the Third Circuit's decision in *Baxter II* constitutes a new ground for relief that plaintiff could not have raised in *Chae I*. *See* Pl. Resp. Br. at 1.

In reply, defendant argues that "[t]he chronology of the prior proceedings refutes plaintiff's argument." Def.'s Reply in Supp. of Its Mot. to Dismiss for Failure to State a Claim at 5 ("Def. Reply Br."), ECF No. 18. Defendant argues that, even if *Baxter II* would have affected the correct answer to Question No. 27,[4] plaintiff could have, but failed to, raise that argument during *Chae I* and therefore is barred from raising it in this action. *Id*.

The court agrees with defendant. Both *Baxter I* and *Baxter II* predated the final judgment in *Chae I*. *Baxter II* was issued in February 2020 while plaintiff commenced *Chae I* a month later, filed an amended complaint on July 6, 2021, and the Court entered final judgment on June 6, 2022. Plaintiff therefore had ample opportunity to present the Baxter-based argument in *Chae I*.

Indeed, the Federal Circuit held expressly that plaintiff waived the Baxter-based argument by raising it for the first time on appeal. *Chae*, 2025 WL 3228192, at *3 ("The problem with this argument is that it has been waived because Mr. Chae raises it for the

---

[4] Defendant adds that the *Baxter* decisions involved a criminal defendant's motion to suppress physical evidence obtained in violation of his rights under the Fourth Amendment and have no bearing on the CBLE. Def.'s Reply in Supp. of Its Mot. to Dismiss for Failure to State a Claim at 5 n.1, ECF No. 18.

first time in this appeal.").  Claim preclusion bars not only claims that were actually litigated but also claims and legal theories that could have been raised in the prior action.  *See Allen*, 449 U.S. at 94.  Plaintiff cannot avoid claim preclusion by relying on a legal theory that he could have presented in *Chae I*.

Plaintiff's second argument is that his new challenge to Question No. 27 is not barred by the doctrine of claim preclusion because the Third Circuit decision in *Baxter II* constituted "new evidence" that was "not reasonably available at the time of the prior proceeding" and therefore "falls within a recognized exception" to res judicata, namely the "newly discovered evidence" exception.  Pl. Resp. Br. at 1.

In reply, defendant argues that the "'newly discovered evidence' exception to res judicata or claim preclusion is extremely narrow."  Def. Reply Br. at 4.  Defendant explains that the exception applies only when the evidence was "either fraudulently concealed or it could not have been discovered with due diligence."  *Id*. (quoting *Bosley v. The Chubb Inst*., 516 F. Supp. 2d 479, 484-85 (E.D. Pa. 2007).  Defendant argues that plaintiff "has neither pointed to facts that were fraudulently concealed nor facts that could not have been discovered with due diligence."  *Id*.

The court agrees with defendant.  Plaintiff cannot invoke the newly discovered evidence exception to claim preclusion because *Baxter II* does not constitute newly discovered evidence within the meaning of that exception.  Instead, *Baxter II* is an intervening judicial decision.  *See Federated Dep't Stores v. Moitie*, 452 U.S. 394, 394 (1981) ("The res judicata consequences of a final, unappealed judgment on the merits are not altered by the fact that the judgment may have been wrong or rested on a legal

principle subsequently overruled in another case."). Plaintiff therefore cannot avoid the preclusive effect of the judgment in *Chae I* by characterizing *Baxter II* as newly discovered evidence.

Plaintiff's third argument is that "ineffective assistance of counsel (IAC) under the Sixth Amendment" invalidates the preclusive effect of the judgment in *Chae I* because plaintiff was not represented by counsel during the appeal before the Federal Circuit and was represented by court-appointed counsel during *Chae I*. Pl. Resp. Br. at 2; Pl. Sur-Reply to Def. Mot. to Dismiss at 1 ("Pl. Sur-Reply"), ECF No. 20.

In reply, defendant argues that "a claim of ineffective assistance of counsel does not provide a basis for avoiding the application of res judicata or claim preclusion in a civil action . . . . The Sixth Amendment right to counsel does not apply in civil actions." Def. Reply Br. at 6 (citing *Pitts v. Shinseki*, 700 F.3d 1279, 1283 (Fed. Cir. 2012)).

The court again agrees with defendant. The Federal Circuit explained that "[i]t is well established that, as a general matter, the constitutional right to counsel—and thus the constitutional right to the effective assistance of counsel—does not attach in civil cases that do not involve the potential deprivation of a liberty interest." *Pitts*, 700 F.3d at 1283. The Federal Circuit has recognized only limited exceptions to that general rule, such as when an indigent litigant may lose his or her personal freedom if the action is

unsuccessful.  *See Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988).

Plaintiff's action does not fall within those limited circumstances.[5]

Accordingly, the court grants defendant's motion to dismiss because plaintiff's claims are barred by claim preclusion.  *Baxter II* does not constitute newly discovered evidence, and this case does not implicate the ineffective assistance of counsel concerns that may warrant an exception to claim preclusion.  Because the court grants defendant's motion on claim preclusion grounds, the court need not address defendant's alternative statute of limitations argument.

**CONCLUSION**

For the foregoing reasons, the court grants defendant's motion to dismiss. Judgment will enter accordingly.

/s/      Timothy M. Reif
Timothy M. Reif, Judge

Dated: July 8, 2026
         New York, New York

---

[5] In *Chae I* the Court noted specifically that "[p]laintiff's counsel presented the most effective possible arguments in briefing and at oral argument; however, ultimately, the arguments cannot save the choice plaintiff made during the exam."  *Chae v. Yellen*, 46 CIT __, __, 579 F. Supp. 3d 1343, 1358 (2022).